PATTERSON, Judge.
The appellant, Steven Frye McAfee, appeals from his convictions for driving while under the influence of alcohol, improper lane usage, and driving while his license was suspended. For these convictions, McAfee was sentenced to 60 days’ confinement in the county jail and was fined $1500, $100, and $100, respectively. He was also ordered to attend an alcohol treatment program.
McAfee has filed a pro se brief. In his introduction to that brief, McAfee stated the following:
“Please excuse me for filing this brief myself but at this time I cannot afford an attorney. I do plan to be able to in all future dealings with this and any other court.
“I was informed at the end of the ease that if I could not afford an attorney or the transcript that they would be provided (pages 142-143).
“I was refused this request and had to borrow the money for transcript but could not afford an attorney at this time. I have just started my own construction business and am short on funds at this time.
“My attorney in the case withdrew, stating he did not do appellant [sic] work.”
McAfee ended his brief, “Thank you very much for your patience with this brief until I get an attorney.”
With regard to McAfee’s financial ability to obtain representation on appeal, we have reviewed the record and our court file in this matter and have found the following entries pertinent to McAfee’s indigency status. The court reporter filed a “Notice of Insufficient Financial Arrangements,” dated October 12, 1993, certifying that no transcript order had been filed; that McAfee was not entitled to a transcript at no charge because he had re *330 tained counsel at trial and the trial court had not granted him permission to proceed on appeal in forma pauperis; and that no financial arrangement had been made for a transcript. The notice of appeal to this court by the circuit court clerk, dated October 22, 1993, indicates that McAfee was not indigent, and that “James L. Hunt,” his retained trial counsel, is also his appellate counsel. On October 25, the court reporter informed the trial court, “Through a misunderstanding with the Appellant’s attorney, fee arrangements were not made until the 21st day of October, 1993.” This court was also notified on October 25 that McAfee had paid the court reporter the estimated cost of his transcript. Hunt notified this court, by letter received on November 2, 1993, that since trial, McAfee had informed him that he had obtained other counsel on appeal. The record also contains an incomplete, unsigned, and undated request for appointed counsel.
In the interests of fairness and judicial economy, we are inclined to construe McAf-ee’s preface to his brief as a motion for redetermination of indigency (assuming that his status had previously been determined). Thus, this case is remanded for McAfee to file an affidavit of substantial hardship, A.R.App.P. 24, and for the circuit court to proceed accordingly. If the court finds McAfee indigent for purposes of appeal, it shall appoint counsel if McAfee so desires, and it shall so notify us in its return to this court. If it finds that McAfee is not indigent, it shall likewise notify this court in its return. The court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
TAYLOR and McMILLAN, JJ., concur.
BOWEN, P.J., dissents with opinion.
MONTIEL, J., joins in dissent.